UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ZHENTAI ZHANG,

Petitioner,

v.

MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security; TODD BLANCHE, Attorney General of the United States; ACTING DIRECTOR, U.S. Immigration and Customs Enforcement; SAN DIEGO FIELD OFFICE DIRECTOR, U.S. Immigration and Customs Enforcement, Enforcement and Removal Operations; and CHRISTOPHER J. LAROSE, in his official capacity as Senior Warden of the Otay Mesa Detention Center,

Respondents.

Case No.: 26-cv-5494-JES-DDL

**ORDER FOR JOINT STATUS REPORT**

**[ECF No. 1]**

Before the Court is Petitioner Zhentai Zhang's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.") and Motion for Temporary Restraining Order ("TRO"). ECF Nos. 1, 2. On September 28, 2026, the Court ordered Respondents to show cause, on or before October 1, 2026, as to why the Petition and TRO

should not be granted. ECF No. 3 ("OSC"). On October 1, 2026, Respondents filed a Response, and Petitioner filed a Traverse on October 7, 2026. ECF Nos. 5 ("Return"), 6 ("Trav.").

Petitioner alleges that his continued detention violates the INA and the Due Process Clause, and requests that the Court order a constitutionally adequate bond hearing before a neutral decisionmaker. Pet. ¶¶ 51–61. Respondents concede that Petitioner is detained under 8 U.S.C. § 1226(a) and thus entitled to a bond hearing before an immigration judge. Return at 3. However, they contend that the Petition should be denied because Petitioner has failed to exhaust his administrative remedies by requesting a bond hearing. *Id.* at 3–4. In his Traverse, Petitioner claims that he did request a bond hearing via a September 19, 2026, Notice of Custody Determination, but acknowledged his refused to sign the Notice. Trav. ¶¶ 9, 15. Petitioner also notes that his counsel intended to file a motion for a bond hearing with "the appropriate immigration court" by October 7, 2026. *Id.* ¶ 25. The status of both requests remains unclear.

The Court hereby **ORDERS** the parties to file a joint status report no later than **Tuesday, October 20, 2026**, apprising the Court of the status of Petitioner's bond hearing requests, whether the hearing has been scheduled, and the result of that hearing (if applicable), so that the Court may determine whether the Petitioner still presents a live controversy within the Court's jurisdiction. The Court's prior stay of removal remains in effect. *See* OSC.

**IT IS SO ORDERED.**

Dated: October 13, 2026

Honorable James E. Simmons Jr.
United States District Judge